IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLANREWAJU ODEDEYI, | : |
| Plaintiff, | : CIVIL ACTION NO._____ |
| | : |
| v. | : |
| | : |
| AMERICAN AIRLINES | : |
| Defendant. | : |

**NOTICE OF REMOVAL OF DEFENDANT AMERICAN AIRLINES, INC.**

Defendant, American Airlines, Inc. ("American" or "Defendant"), incorrectly designated by Plaintiff as "American Airlines," by and through its undersigned counsel, McShea Law Firm, P.C., and pursuant to 28 U.S.C. §§1441(a), 1331 and 1332, hereby removes to this Court an action pending in the Court of Common Pleas of Montgomery County, Pennsylvania. American submits the following short and plain statement of the basis for the removal as required by 28 U.S.C. § 1446(a):

**BACKGROUND REGARDING PLAINTIFF'S COMPLAINT AND ALLEGATIONS**

1. This is an action for damages for breach of contract, negligence, and violation of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air ("the Montreal Convention") alleged to have been sustained by Plaintiff.

2. On or about February 7, 2023, Plaintiff commenced this action in the Magisterial District Court 38-1-23 in Lafayette Hill, Montgomery County, Pennsylvania, at Docket No. MJ-38123-CV- 0000019-2023 by filing a complaint. A true and correct copy of the District Magistrate Complaint is attached hereto as Exhibit 1.

3. A hearing was held on March 28, 2023 before the Honorable District Magistrate Deborah Lukens and on March 30, 2023, a judgment was entered in favor of Defendant, dismissing Plaintiff's claims.

4. On April 5, 2023, Plaintiff appealed the District Magistrate judgment to the Court of Common Pleas of Montgomery County at Docket No. 2023-06003. A true and correct copy of the Notice of Appeal is attached hereto as Exhibit 2.

5. On April 10, 2023, Plaintiff filed a complaint alleging claims of breach of contract and negligence and seeking damages in an amount not exceeding $50,000. A true and correct copy of the Complaint is attached hereto as Exhibit 3.

6. On April 28, 2023, Defendant filed Preliminary Objections to the Complaint and on May 1, 2023, Plaintiff filed a pleading styled "Plaintiff First Amended Complaint" that alleged claims of breach of contract, negligence, and violation of Article 19 of the Montreal Convention, and sought damages in the amount of $50,000. A true and correct copy of the Plaintiff First Amended Complaint is attached hereto as Exhibit 4.

7. On May 2, 2023, Plaintiff filed a Praecipe to Withdraw First Amended Complaint and a Praecipe to Update Amount In Controversy. True and correct copies of these praecipes are attached hereto as Exhibits 5 and 6, respectively.

8. On May 2, 2023, Plaintiff filed another complaint, also styled as "Plaintiff First Amended Complaint." A true and correct copy of this "Plaintiff First Amended Complaint" is attached hereto as Exhibit 7. This complaint set forth claims of breach of contract, negligence, violation of Article 19 of the Montreal Convention, and violation of Article 17 of the Montreal Convention. Plaintiff also sought "compensatory damages, expectation damages, incidental damages, and consequential of $500,000 and punitive damages $1,000,000 . . . ." Plaintiff First Amended Complaint, Ex. 7, at Prayer For Relief.

9. Plaintiff's First Amended Complaint states that the Defendant is a US-based airline and that Plaintiff suffered damages as a result of a canceled flight on May 5, 2022, and being denied boarding on a flight that occurred on January 23, 2023. Plaintiff First Amended Complaint,

Case 2:23-cv-01934-JS   Document 1   Filed 05/22/23   Page 3 of 7

Ex. 7, at para. 2 and 3-20. Plaintiff alleges that he contracted COVID-19 as a result of the May 5, 2022 cancellation and that he was required to take ground transportation where COVID protocols were not enforced. Plaintiff First Amended Complaint, Ex. 7, at para. 33-58. With regards to the January 23, 2023 flight, Plaintiff claims that he was not permitted to board the flight and had to take a flight later that day. Plaintiff First Amended Complaint, Ex. 7, at para. 7-20.

10. Plaintiff First Amended Complaint, Ex. 7, alleges four counts. Count I is a claim for breach of contract arising from both flights. Ex. 7, at para. 30-60. Count II asserts a claim for negligence arising from the May 5, 2022 flight cancellation and from the May 6, 2022 flight on which he traveled. Ex. 7, at para 61-84. Count III alleges violation of Article 19 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, S. Treaty Doc. No. 106-45 ("Montreal Convention"), arising from both flights. Ex. 7, at para. 85-89. Count IV alleges violation of Article 17 of the Montreal Convention arising from the May 5, 2022 flight cancellation and from the May 6, 2022 flight on which he traveled. Ex. 7, at para. 90-100.

## **GROUNDS FOR REMOVAL**

11. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332 because this Court has federal question jurisdiction over this action and there exists diversity of citizenship.

## **REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1331**

12. A district court has original jurisdiction over cases if the claim is one arising Federal question cases are those cases "arising under" federal law. *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003). Federal law are those cases arising under the Constitution, laws, or treaties of the United States. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

13. Plaintiff's claim raises a federal question on its face because he seeks to enforce rights under the Montreal Convention, a treaty of the United States.

14. Since Plaintiff's complaint raises a federal question on its face, it is properly removed to this federal Court.

15. A suit to enforce rights under the Montreal Convention raises a federal question and is removable to federal district court. *Schaefer-Condulmari v. US Airways Group, Inc.*, No. No. 09-1146, 2009 WL 4729882 (E.D. Pa. 2009) (denying motion to remand holding that complaint was governed by the Montreal Convention and was properly removed to federal court).

16. The Supreme Court has held that a state cause of action is "really" a federal cause of action which may be removed to federal court if the federal cause of action completely preempts the state cause of action. *Franchise Tax Board of State of California v. Construction Laborers' Vacation Trust of Southern California*, 463 U.S. 1 at 24 (1983).

17. Accordingly, this Court has federal jurisdiction pursuant to 28 U.S.C. § 1331.

**REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§ 1332(a)(1) AND 1441(a)**

18. At the time this action was commenced and continuing to the present, Defendant was a corporation, incorporated under the laws of Delaware, with its principal place of business in the State of Texas. Thus, Defendant is a citizen of Delaware and Texas.

19. At the time this action was commenced and continuing to the present, Plaintiff was, based on paragraph 1 of Exhibits 3 and 6, a citizen of the Commonwealth of Pennsylvania, residing and domiciled at 2142 Birch Drive, Lafayette Hill, Pennsylvania, 19444.

20. The amount in controversy, based on the allegations in Plaintiff's First Amended Complaint exceeds the sum of $75,000, exclusive of interest and costs.

21. The present lawsuit is removable from state court to the District Court of the United States pursuant to 28 U.S.C. §§ 1441(a) and 1332(a)(1).

## **THE REMOVAL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

22. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because this action was originally filed in state court in Montgomery County, PA, which is located in the Eastern District of Pennsylvania.

23. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon American in the State Court Action are attached as Exhibits 1 through 7.

24. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is timely because it was filed within 30 days of American's receipt, by service or otherwise, of a copy of "Plaintiff First Amended Complaint" referenced in paragraph 6 above.  American received such "Plaintiff First Amended Complaint" on May 1, 2023.

25. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, American will give written notice to Plaintiff and will file a copy of this Notice of Removal with the clerk of the State Court.

26. No previous application has been made for the relief requested herein.

27. By filing this Notice of Removal, American does not waive any defenses that may be available to it (including, without limitation, any defenses relating to service, process, and jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

WHEREFORE, Defendant American Airlines, Inc. respectfully gives notice of and removes the action to this Court.

Dated: May 22, 2023

Respectfully submitted,

*s/ Ralph J. Kelly*
Ralph J. Kelly
Pa. I.D. No. 39706
McShea Law Firm, P.C.
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, PA 19102
(215) 599-0800
rkelly@mcshealawfirm.com

*Attorney for Defendant*
*American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing Notice of Removal of Defendant American Airlines, Inc. to be served upon pro se Plaintiff on this 22nd day of May, 2023 v*ia First-Class Mail* at the following address:

Olanrewaju Odedeyi
2142 Birch Drive
Lafayette Hill, PA 19444

*s/ Ralph J. Kelly*
Ralph J. Kelly, Esquire