**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OLANREWAJU ODEDEYI, | : | |
| | : | Civil Action No. 23-cv-01934-JS |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN AIRLINES | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT AMERICAN AIRLINES, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant American Airlines, Inc. ("American"), by counsel, hereby files its Reply in

support of its Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 1-9) pursuant to

Fed. R. Civ. P. 12(b)(6).

**I.    INTRODUCTION**

Rather than attempt to explain how the claims in his First Amended Complaint ("Am.

Compl.") are legally sufficient, Plaintiff asks that the Court deny American's Motion to Dismiss

due to the "potential significance of the discovery phase." Opposition at ECF p. 6.[1]  However,

"[a] motion to dismiss based on failure to state a claim for relief should . . . be resolved before

discovery begins" because "[t]he purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to

challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Mann*

*v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (citations omitted); *Telford Borough Authority*

*v. United State Environmental Protection Agency*, No. 12-6548, 2021 WL 5495765 at *7 (E.D.

Pa. Nov. 23, 2021) ("[A] motion to dismiss essentially represents a checkpoint that must be

---

[1]  Plaintiff filed two Oppositions in response to American's Motion to Dismiss; this Reply refers
to the second one filed, ECF No. 7.

cleared before a plaintiff can reach the discovery stage of litigation.") (citations omitted; cleaned up).  The Court should dismiss the First Amended Complaint because the claims alleged therein are legally insufficient.

II.    **ARGUMENT**

    A.    **Plaintiff's Claims Related to the International Trip Are Legally Insufficient**

        1.    **The Montreal Convention Preempts Plaintiff's State Law Injury Claims**

Plaintiff argues that the portion of his breach of contract claim directed at the international trip (from Montego Bay, Jamaica to Philadelphia) and his negligence claim, which is directed solely at the international trip, can "co-exist" with his Montreal Convention claims arising from such trip because his alleged injury, the contraction of Covid-19, occurred during ground transportation, not during "the operations of embarking or disembarking."  Opposition at ECF p. 9.  Plaintiff is mistaken; the Convention's preemptive effect precludes any such co-existence.

In addition to alleging that he contracted Covid-19 during a May 5, 2022 bus trip, Plaintiff has also alleged that he contracted Covid-19 on board American's flight from Jamaica to Philadelphia the day after bus trip.  Am. Compl. at 51-57, 75-81, 95-100.  Plaintiff's allegation that he was injured while on board American's aircraft during "international carriage" compels the application of the Montreal Convention.  So does the First Amended Complaint itself, which contains an express claim for relief under Article 17 of the Convention.  The Convention, in turn, completely preempts all state law claims based on the sole alleged injury – Plaintiff's contraction of Covid-19 on May 5 and 6, 2022 – leaving no room for any state law claims to "co-exist" with Plaintiff's claim under Article 17 of the Convention:

> Considering the text of Article 29 and the requirements for
> complete preemption set out in *Beneficial Nat. Bank*, the Court
> finds that the Montreal Convention <u>completely</u> preempts state law
> claims, like this one, involving a passenger's bodily injury suffered
> on board an international flight.

* * *

> The Court will grant the defendant's motion to dismiss.  As
> discussed above, the Montreal Convention provides the exclusive
> means to impose liability upon an airline for bodily injury suffered
> by a passenger while on board an aircraft on an international flight.
> MC Art. 29.  Ms. Schaefer-Condulmari's state law claims for the
> allergic reaction she suffered on board her flight from Rome to
> Philadelphia are therefore covered by the Convention and must be
> brought under its terms, not under state law.

*Schaefer-Condulmari v. U.S. Airways Group Inc.*, No. 09-1146, 2009 WL 4729882 at *9, 10

(E.D. Pa. Dec. 8, 2009) (emphasis added).

Plaintiff argues that it would be "premature" to dismiss the case "at this juncture"

because he intends to conduct discovery (Opposition at ECF p. 9), but Plaintiff does not explain

what information could possibly allow his state law injury claims to evade the Montreal

Convention's preemptive effect.  Thus, *Phillips*, cited by Plaintiff, is inapplicable because there

is no "reasonable expectation" that discovery could reveal evidence that would shield Plaintiff's

state law injury claims against preemption.  *Phillips v. County of Allegheny*, 515 F.3d 224, 234

(3d Cir. 2008) ("The Supreme Court's *Twombly* formulation of the pleading standard can be

summed up thus:  stating a claim requires a complaint with enough factual matter (taken as true)

to suggest the required element.  This does not impose a probability requirement at the pleading

stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery

will reveal evidence of the necessary element.  *Id*.") (cleaned up).

### 2.      The Montreal Convention Preempts Plaintiff's State Law Delay Claims

Plaintiff does not address, and thus concedes,[2] American's argument that his delay claims related to the international trip are plainly within the scope of Article 19 of the Montreal Convention, which preempts the portion of Plaintiff's breach of contract claim that is directed at the delay of the international trip.  Indeed, Plaintiff himself has alleged an Article 19 claim for delay damages.  Thus, the Court should dismiss the portion of Plaintiff's breach of contract claim that is directed at the delay of the international trip.

### 3.      Plaintiff's Article 17(1) Claim Is Legally Insufficient

Plaintiff does not dispute that, to recover under Article 17(1) of the Montreal Convention for the international trip, he is required to allege and prove that he sustained "bodily injury" within the meaning of that provision.  As his argument that he has alleged bodily injury, Plaintiff contends that "the resulting symptoms" of his alleged Covid-19 infection "constitute bodily injury" or that discovery "will reveal evidence" of such bodily injury.  Opposition at ECF p. 7. First, Plaintiff's argument that his unspecified "symptoms" constitute "bodily injury" is conclusory and thus does not come close to fulfilling the requirement that he allege a "palpable, conspicuous physical injury."  *Terrafranca v. Virgin Atlantic Airways Ltd.*, 151 F.3d 108, 110-11 (3d Cir. 1998).

Second, Plaintiff does not explain how discovery could allow him to obtain the evidence he indicates he needs to establish that, due to a Covid-19 infection, he sustained a "bodily injury" within the meaning of Article 17(1).  Obviously, any information about Plaintiff's own injuries is

---

[2] *Fields v. American Airlines, Inc.*, No. 19-903, 2021 WL 4306021 at *15 (E.D. Pa. Sept. 22, 2021) ("Because Plaintiffs do not respond to American's arguments about the EAS program, the Fly America Act, or American's role as a government contractor, we grant the motion to dismiss these claims as uncontested.") (citations omitted).

already in his possession.  And Plaintiff does not explain how any information obtained from passengers who were on the bus or aircraft with him could possibly support his allegation that he sustained a bodily injury.  The Court should dismiss Plaintiff's Article 17 claim as legally insufficient.

### 4.    Plaintiff's Article 19 Claim Is Legally Insufficient

Plaintiff does not deny that the Montreal Convention limits the damages that he could under Article 19 to the economic loss that he sustained due to the alleged travel delay during the international trip.  And Plaintiff does not deny that his First Amended Complaint does not seek the recovery of any economic loss, such as lodging expenses.  Instead, Plaintiff lists the categories of damages he is seeking (compensatory, expectation, incidental, consequential and punitive) and suggests that "[d]iscovery will enable Defendant to comprehensively understand the damages such as economic losses being sought under Article 19 as a result of Defendant's actions."  Opposition at ECF p. 8.  The level of American's understanding is not relevant to the issue of whether Plaintiff has alleged the limited type of damages that are recoverable under Article 19.  The Court should dismiss Plaintiff's Article 19 claim as legally insufficient.

### B.    Plaintiff's Breach of Contract Claim Is Legally Insufficient

In response to American's contention that Plaintiff has failed to identify a specific contractual obligation that American allegedly failed to honor with respect to either the international trip or the domestic trip (Houston, Texas to Philadelphia), Plaintiff states that "Defendant did not transport him based on the agreed-upon time for the departure."  Opposition at ECF p. 10.  However, Plaintiff does not identify the specific provision of American's Conditions of Carriage by which it guaranteed to transport him at the scheduled time of departure.  And Plaintiff does not deny that he has had access to American's Conditions of

Carriage, which is referenced in the flight confirmations that Plaintiff attached to the First Amended Complaint as its Exhibit A (ECF No. 1-9 at ECF pp. 15-28).

Plaintiff suggests that discovery would allow him to obtain the evidence he needs to allege an actionable breach of contract claim, but he does not identify the specific information about the terms of the parties' contracts he needs but does not have or have access to.  The Court should dismiss Plaintiff's breach of contract claim as legally insufficient.

III.    **CONCLUSION**

For the foregoing reasons and those set forth in its opening Memorandum of Law, the Court should dismiss Plaintiff's First Amended Complaint in its entirety.


Dated:  June 8, 2023                        Respectfully submitted,

*s/ Ralph J. Kelly*
Ralph J. Kelly
Pa. Identification No. 39706
McShea Law Firm, P.C.
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, Pennsylvania  19102
(215) 599-0800
rkelly@mcshealawfirm.com

Attorney for Defendant American Airlines, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 8th day of June, 2023, I electronically filed the foregoing Defendant American Airlines, Inc.'s Reply in Support of Its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) with the Clerk of Court using the *CM/ECF* system and that I served the *Pro Se* Plaintiff with these documents via *First-Class Mail* at the address indicated below and via *Email* as indicated below:

Olanrewaju Odedeyi
2142 Birch Drive
Lafayette Hill, PA 19444

Email:  waju.odedeyi@gmail.com


*s/ Ralph J. Kelly*
Ralph J. Kelly