# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLANREWAJU ODEDEYI, | : | |
| | : | Civil Action No. 23-cv-01934-JS |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN AIRLINES | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this ___ day of _____, 2023, upon consideration of Defendant, American Airlines, Inc.'s Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim ("Defendant's Motion") and any response thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED** and Plaintiff's Second Amended Complaint filed on June 8, 2023 (ECF No. 9) is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
Juan R. Sánchez, C.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLANREWAJU ODEDEYI, | : | |
| | : | Civil Action No. 23-cv-01934-JS |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN AIRLINES | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT, AMERICAN AIRLINES, INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM

Defendant, American Airlines, Inc. hereby moves to dismiss Plaintiff's Second Amended Complaint filed on June 8, 2023 (ECF No. 9) with prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and incorporates herein by reference the accompanying Memorandum of Law In Support Thereof. Defendant also incorporates herein by reference the attached Certification Of Opportunity To Cure.

Dated: June 22, 2023

Respectfully submitted,

*s/ Ralph J. Kelly*
Ralph J. Kelly
Pa. Identification No. 39706
McShea Law Firm, P.C.
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, Pennsylvania 19102
(215) 599-0800
rkelly@mcshealawfirm.com

Kenneth S. Nankin (Admitted *pro hac vice*)
Nankin Law LLC
700 King Farm Boulevard, Suite 550
Rockville, Maryland 20850
(202) 463-4911 - telephone
(202) 463-6177 - fax
ksn@nankin.com

Attorneys for Defendant American Airlines, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLANREWAJU ODEDEYI, : | |
| : | Civil Action No. 23-cv-01934-JS |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| AMERICAN AIRLINES : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
AMERICAN AIRLINES, INC.'S MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**

Defendant American Airlines, Inc. ("American"), through its undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). None of the three causes of action set forth in the Plaintiff's *pro se* Second Amended Complaint (ECF No. 9) states a claim upon which relief can be granted and Plaintiff's Second Amended Complaint should be dismissed with prejudice.

Plaintiff's injury-related claims, for negligence (Count I) and under Article 17 of the Montreal Convention[1] (Count III), fail because Plaintiff has not plausibly alleged that any conduct by American was the proximate cause of his alleged injuries. In addition, Plaintiff's negligence claim is preempted by the Convention. Plaintiff's claim under Article 17 of the Convention also fails because Plaintiff has not sufficiently alleged that he sustained a "bodily injury" within the meaning of such provision. Finally, Plaintiff's claim under Article 19 of the

---

[1] The Montreal Convention is formally known as Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on May 28, 1999, ICAO Doc. No. 9740 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734.

Convention (Count II) fails because Plaintiff has not alleged any loss of the type of damages recoverable under that provision.

I.      **PLAINTIFF'S ALLEGATIONS**

In his Second Amended Complaint ("Sec. Am. Compl."), Plaintiff alleges claims arising from his travel on an American flight from Montego Bay, Jamaica, to Philadelphia in May 2022. Plaintiff alleges that, on May 5, 2022, American canceled his flight scheduled for that same day and rebooked him for travel the next day and that he traveled on the rebooked flight. Sec. Am. Compl. at para. 4-6, 21, 22. Plaintiff alleges that, after canceling the flight on May 5, American or its agents transported him by bus to a hotel for overnight lodging in a "manner that was [not] "compliant with COVID-19 protocols." Id. at para. 8-19.

Plaintiff alleges that, during the May 6, 2022 flight, American "did not strictly enforce the mask mandates on the flight" and otherwise violated "some or all of the COVID-19 protocols." Sec. Am. Compl. at para. 21-26. Plaintiff alleges that he contracted Covid-19 due to American's acts and omissions. Id. at para. 27-29.

Plaintiff alleges that American is liable for negligence and under Articles 17 and 19 of the Montreal Convention for the damages that he allegedly sustained. For his negligence claim, Plaintiff seeks damages of $1,000,000 plus punitive damages. Sec. Am. Compl. at ECF p. 7. For his Article 17 claim, Plaintiff seeks damages of $1,000,000. Id. at ECF p. 9. For his Article 19 claim, Plaintiff seeks damages in the amount of 4,694 Special Drawing Rights. Id. at ECF p. 8.

## II. ARGUMENT

### A. Legal Standards

The Court reviews a motion to dismiss under Rule 12(b)(6) pursuant to the following standards:

> To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In evaluating a Rule 12(b)(6) motion, a district court must separate the legal and factual matter elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all factual allegations ... as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

*Dembrow v. Synchrony Bank*, No. 22-4982, 2023 WL 3569966 at *2 (E.D. Pa. May 19, 2023). Where the plaintiff is *pro se*, the Court construes the complaint "liberally and will apply the applicable law, irrespective of whether [the plaintiff] has mentioned it by name." *Id*. at *3 (citations omitted; cleaned up). However, "[t]he Court should not attempt to rewrite the pleadings to include claims that were never presented, nor must the Court explore exhaustively all potential claims of a *pro se* plaintiff." *Lawton v. Wells Fargo Bank, N.A.*, No. CV 22-3294, 2023 WL 2539000 at *4 n.7 (E.D. Pa. Mar. 16, 2023) (citation omitted).\

3

B.  **Plaintiff's Injury-Related Claims Fail Because He Has Not Plausibly Alleged Causation**

Plaintiff's injury-related claims, Counts I and III[2] of the Second Amended Complaint, fail because Plaintiff has not plausibly alleged that any conduct by American was the proximate cause of his alleged contraction of Covid-19 and resulting injuries. Plaintiff alleges that he contracted Covid-19 on the bus trip from the airport to the hotel on May 5, 2022 and (or) during American's flight the next day, but he does not allege that any specific person on the bus or the aircraft actually had Covid-19. He simply alleges that American supposedly failed to comply with "the mask mandates" and other "COVID-19 protocols." Sec. Am. Compl. at para. 8-27. Nor does Plaintiff allege the amount of time between his alleged exposure to the virus and the date he began experiencing Covid-19 symptoms or received a positive test result. Thus, as pled, the Second Amended Complaint makes it impossible to determine when and where Plaintiff allegedly contracted Covid-19; his deficient allegations make it at least equally possible that he contracted the virus before the bus trip, at the hotel, at the airport in Jamaica or Philadelphia or after he returned home. These pleading deficiencies render Plaintiff's allegation that American's conduct was the proximate cause of his infection speculative and implausible:

> Here, the Court finds that Plaintiff's second amended complaint fails to plausibly allege that FCI Schuylkill employees caused his exposure to COVID-19. In particular, Plaintiff's second amended complaint fails to assert specific factual allegations which would show that his injuries would not have come about but for the allegedly negligent conduct of FCI Schuylkill employees. Most glaringly, Plaintiff's second amended complaint does not: (a) identify which FCI Schuylkill employees allegedly exposed him to COVID-19; (b) how their alleged continued work after being exposed to COVID-19, or how their alleged destruction of

---

[2] Although Plaintiff's Count III seeks relief under the Montreal Convention, liability is not presumed and Plaintiff is required to plead and prove causation to prevail on such cause of action, just as with a negligence cause of action. *Margrave v. British Airways*, 643 F. Supp. 510, 512 (S.D.N.Y. 1986).

4

> documents, exposed him to COVID-19; or (c) how the employees' alleged failure to adhere to the Response Plan also exposed him to COVID-19. In other words, Plaintiff has not traced his exposure to any specific, negligent act or omission to any particular individual at FCI Schuylkill, including Miller. As appropriately argued by the United States, this renders Plaintiff's allegations, at to the causation element, wholly speculative.

*Brown v. United States*, No. 22-00404, 2023 WL 2632811 at *15 (M.D. Pa. Mar. 24, 2023).

> Although Plaintiffs allege they "contracted COVID-19 on Defendant's ship, FAC ¶ 17, the FAC fails to contain sufficient allegations to plausibly support that conclusion. While a plaintiff need not rule out all other possible causes of harm, the complaint must include factual allegations that "allow[ ] the court to draw the reasonable inference" that the defendant's conduct caused the alleged harm. *Iqbal*, 556 U.S. at 678. Here, Plaintiffs have failed to allege the amount of time between the alleged exposure and the date they began experiencing COVID-19 symptoms or received a positive test result – a key fact necessary to render the causation allegations plausible, not merely possible.

*Fish v. Princess Cruise Lines Ltd.*, No. 20-3894, 2020 WL 11885533 at *4 (C.D. Cal. Aug. 21, 2020).

Accordingly, the Court should dismiss Counts I and III of the Second Amended Complaint because Plaintiff has failed to plausibly allege that any conduct by American was the proximate cause of his alleged contraction of Covid-19 and resulting injuries.

  C. **The Montreal Convention Applies to Plaintiff's Claims and Preempts His Negligence Claim**

In addition to failing as a matter of law due to Plaintiff's insufficient allegations as to causation, Plaintiff's negligence claim also fails because the Montreal Convention expressly and completely preempts it.

    1. **The Montreal Convention Applies to Plaintiff's Claims**

The Montreal Convention applies to and exclusively governs Plaintiff's claims against American relating to his travel from Jamaica to Philadelphia. "The Montreal Convention is a

5

treaty of the United States, effective November 4, 2003, which governs the rights and liabilities of international air carriers and passengers." *Schaefer-Condulmari v. U.S. Airways Group Inc.*, No. 09-1146, 2009 WL 4729882 at *4 (E.D. Pa. Dec. 8, 2009); United States Department of State, *Treaties in Force – A List of Treaties and Other International Agreements of the United States in Force on January 1, 2020,* Section 2, at 57.

The Montreal Convention superseded its predecessor, the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929 ("the Warsaw Convention"), 49 Stat. 3000, 49 U.S.C. § 40105 note, which had previously governed an airline's liability related to international air transportation. *Schaefer-Condulmari*, 2009 WL 4729882 at *4. Like the Warsaw Convention, the Montreal Convention is a treaty ratified by the United States and is thus "the law of this land." *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 167 (1999).

Pursuant to Article 1(1) therein, the Montreal Convention applies "to all international carriage of persons, baggage or cargo performed by aircraft for reward." Article 1(2) defines "international carriage" as:

> [A]ny carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

*Id*. The circumstances under which a carrier may be liable under the Convention for an injury to a passenger are set forth in Article 17(1), which provides:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

6

*Id*.  The circumstances under which a carrier may be liable under the Convention for a passenger's travel delay are set forth in Article 19, which provides:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo.  Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

In this case, Plaintiff's "place of departure" and "place of destination" was the United States, with an intermediate stopping place in Jamaica.[3]  Because the United States is a State Party to the Montreal Convention, and because Plaintiff's air travel constituted "international carriage" as defined in Article 1(2) and Plaintiff is alleging that he sustained damages due to an injury sustained during, and the delay of, his return flight, the Convention applies to Plaintiff's claims.

### 2.      The Montreal Convention Preempts Plaintiff's Negligence Claim

"The Montreal Convention contains an exclusivity provision, Article 29, which provides that its conditions and limitations of liability govern in any case seeking damages for carrying passengers, baggage or cargo."  *Schaefer-Condulmari*, 2009 WL 4729882 at *5.  Article 29 states:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective

---

[3] *Asiedu-Ofei v. South African Airlines*, No. 16-378, 2016 WL 8229875 at *1 (E.D. Va. June 17, 2016) ("[P]laintiffs' claims arise out of . . . round-trip travel on South African Airlines, which began and ended in Dulles, Virginia, with an agreed stop in Accra, Ghana. . . .  This travel meets the Montreal Convention's definition of 'international carriage,' because 'the place of departure and the place of destination' were 'situated . . . within the territory of a single State party' and contained 'an agreed stopping place within the territory of another State.' ").

7

> rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

Thus, where it applies, the Convention expressly and completely preempts any claim by a passenger that arises outside the Convention, including any personal injury arising under local law. *Schaefer-Condulmari*, 2009 WL 4729882 at *9 ("Considering the text of Article 29 and the requirements for complete preemption set out in *Beneficial Nat. Bank*, the Court finds that the Montreal Convention completely preempts state law claims, like this one, involving a passenger's bodily injury suffered on board an international flight."); *Raub v. US Airways, Inc.*, No. 16-1975, 2016 WL 9775020 at *1 (E.D. Pa. Oct. 19, 2016) ("The Montreal Convention provides the exclusive means to impose liability upon an airline for bodily injury suffered by a passenger while on board an aircraft on an international flight.") (citing *Schaefer-Condulmari*, 2009 WL 4729882 at *10).[4]

Where it applies, the Montreal Convention preempts local law even if a plaintiff is unable to recover under the Convention. *Schaefer-Condulmari*, 2009 WL 4729882 at *5-6 ("[E]ven without an express exclusivity clause, the Warsaw Convention precluded alternative causes of action for injuries suffered while boarding or while on board an aircraft, even if the Convention itself would not allow recovery. *El Al*, 525 U.S. at 161. . . Under the reasoning of *El Al*, the Montreal Convention also precludes alternative causes of action.").

As noted above, the circumstances under which a carrier may be liable under the Montreal Convention for an injury to a passenger are set forth in Article 17(1), which provides:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which

---

[4] *See Gibbons v. Ogden*, 22 U.S. 1, 211 (1824) ("[T]he act of Congress, or the treaty, is supreme; and the law of the State, though enacted in the exercise of powers not controverted, must yield to it.").

8

>caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Plaintiff's injury claims against American are squarely within the scope of Article 17 because, through such claims, Plaintiff seeks damages for an alleged "injury" that "took place on board the aircraft." Sec. Am. Compl. at para. 21-29.

Because Plaintiff's injury claims are within the scope of Article 17, the Convention exclusively governs Plaintiff's claims and American's liability (if any), and it completely preempts Plaintiff's negligence claim. *Raub*, 2016 WL 9775020 at *2 ("Count I of plaintiff's Complaint, entitled Negligence, alleges the elements of a state law claim of negligence against defendant US Airways, Inc.—a duty of care, breach of that duty, and resulting personal injuries. That claim is preempted by the Montreal Convention."); *Schaefer-Condulmari*, 2009 WL 4729882 at *10 ("Ms. Schaefer-Condulmari's state law claims for the allergic reaction she suffered on board her flight from Rome to Philadelphia are therefore covered by the [Montreal] Convention and must be brought under its terms, not under state law.").

    **D.**     **Plaintiff Has Failed to Alleged a "Bodily Injury" Within the Meaning of the Montreal Convention**

Having established that the Montreal Convention applies and provides the exclusive remedy for Plaintiff's claims, the next question is whether Plaintiff has alleged an actionable claim under the Convention.[5] With respect to Article 17 he has failed to do so. Plaintiff cannot recover under the Convention because he has failed to allege that, due to contracting Covid-19, he sustained a "bodily injury" within the meaning of Article 17(1).

---

[5] *Acevedo-Reinoso v. Iberia Lineas Aereas de Espana S.A.,* 449 F.3d 7, 12 (1st Cir. 2006) ("If the Convention applies (and local law is thereby preempted), the next question is whether the carrier is liable under the Convention.").

"The Convention itself does not define 'bodily injury'." *Terrafranca v. Virgin Atlantic Airways Ltd.*, 151 F.3d 108, 110 (3d Cir. 1998). The courts have consistently ruled that "the bodily injury requirement has a distinctly physical scope," as "[t]he ordinary, natural meaning of 'bodily injury' as used in article 17 connotes palpable, conspicuous physical injury." *Id*. at 110-11 (citations omitted).[6] Here, Plaintiff has not alleged that he sustained any specific "palpable, conspicuous physical injury" due to contracting Covid-19 during the flight from Jamaica to Philadelphia. Instead, Plaintiff strung together a boilerplate list of conclusory labels – "bodily injuries, impairment of the function of multiple bodily functions members/organs, mental faculty, physical body pain, severe illness, and sicknesses" (Sec. Am. Compl. at para. 72) – as the injuries he allegedly sustained. In alleging everything, Plaintiff alleges nothing; none of the foregoing labels adequately alleges that Plaintiff sustained a specific "palpable, conspicuous physical injury" due his alleged contraction of Covid-19.

Because Plaintiff has failed to allege that he sustained a "bodily injury" within the meaning of Article 17(1) of the Montreal Convention, Plaintiff cannot recover under the Convention. Since the Convention provides Plaintiff's only possible source of recovery for his alleged injury, Plaintiff cannot recover at all. *Schaefer-Condulmari*, 2009 WL 4729882 at *5-6 ("[E]ven without an express exclusivity clause, the Warsaw Convention precluded alternative causes of action for injuries suffered while boarding or while on board an aircraft, <u>even if the Convention itself would not allow recovery</u>.") (emphasis added); *Heinemann v. United Continental Airlines*, No. 11-00002, 2011 WL 2144603 at *4 (W.D. Wash. May 31, 2011) ("The weight of authority is clear: absent some proof of bodily injury, Plaintiff cannot recover under

---

[6] *See also Bobian v. Czech Airlines*, 93 Fed. App'x 406, 407 (3d Cir. 2004) ("[U]nder our jurisprudence, a claimant alleging bodily injury under Article 17 must demonstrate that he suffered a 'palpable, conspicuous physical injury.'").

10

the Montreal Convention. And 'recovery for a personal injury suffered on board [an] aircraft [engaged in international air transportation] or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all.' "). Accordingly, the Court should dismiss Plaintiff's Article 17 claim (Count III) for failure to state a claim upon which relief can be granted.

### E. Plaintiff's Article 19 Claim Does Not Seek Recoverable Damages

In the Second Amended Complaint, Plaintiff alleges that American delayed his return travel from Jamaica to Philadelphia by "almost 18 hours" (Sec. Am. Compl. at para. 57) but he does not allege the specific nature of the damages he supposedly sustained to such delay. Plaintiff simply alleges that he sustained unspecified "financial injury" and "economic losses and loss of business opportunities resulting from the delay" (*id*. at para. 57, 59) for which American is liable under Article 19 of the Montreal Convention. Thus, on its face, the Second Amended Complaint does not allege a claim for recoverable travel delay damages under the Convention.

As noted above, Article 29 of the Montreal Convention provides that "punitive, exemplary or any other non-compensatory damages shall not be recoverable." The courts have consistently enforced this prohibition with respect to delay-related damages. *Zubko v. Aeromexico*, No. 17-04391, 2018 WL 3732688 at *2 (N.D. Ill. Aug. 6, 2018) ("As noted above, Article 19 creates liability for damages resulting from flight delays. Convention for the Unification of Certain Rules for International Carriage by Air art. 19, May 28, 1999, S. Treaty Doc. No. 106-45. Article 29 of the Convention limits those damages available by providing that, in any action for damages under the Convention, 'punitive, exemplary or any other non-compensatory damages shall not be recoverable.' *Id*. at art. 29."); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1170 (11th Cir. 2014) ("Article 19 permits the payment of economic damages but

11

does not contemplate compensation for emotional loss or physical injury.") (citation omitted), *cert. denied*, 135 S. Ct. 759 (2014).[7]

The Montreal Convention limits the damages that a plaintiff may recover under Article 19 to the economic loss that the plaintiff sustained due to a travel delay. *Lee v. American Airlines, Inc.*, No. 01-1179, 2002 WL 1461920 at *4 (N.D. Tex. July 2, 2002) ("Because the Warsaw Convention is premised upon a 'contract' between the passenger and the airline, courts permit recovery of economic damages arising out of the delay itself (*i.e.* rental, hotel accommodation, taxis, etc.) under Article 19.") (citations omitted), *aff'd*, 355 F.3d 386 (5th Cir. 2004); *Vumbaca v. Terminal One Group Ass'n L.P.*, 859 F.Supp.2d 343, 367 (E.D.N.Y. 2012) ("Article 19 only applies to economic loss occasioned by delay in transportation.") (citations omitted).[8]

Here, in connection with his travel delay claim, Plaintiff does not allege that he sustained any specific economic loss, such as lodging expenses, which is the only type of damage recoverable under Article 19 of the Montreal Convention. Instead, as noted above, he alleges a series of conclusory labels for the damages he supposedly sustained. Thus, the Court should dismiss Plaintiff's Article 19 claim (Count II) for failure to state a claim upon which relief can be granted.

---

[7] *See also Rehman v. Etihad Airways*, No. 19-00653, 2019 WL 12095414 at *10 (M.D. Pa. Nov. 14, 2019) ("Article 29 specifies that in any action for damages brought under the convention 'punitive, exemplary or any other non-compensatory damages shall not be recoverable.' Montreal Convention, Art. 29. The plaintiffs' claims for punitive damages are therefore barred by the terms of the convention and should be dismissed.") (citations omitted), *report and recommendation adopted*, 2021 WL 780302 (M.D. Pa. Mar. 1, 2021).

[8] American's possible liability under Article 19 may not exceed the 5,346 Special Drawing Rights limit set forth in Article 22(1) of the Montreal Convention.

### III.     CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Second Amended Complaint in its entirety, with prejudice.

                                                    Respectfully submitted,

Dated:  June 22, 2023                      *s/ Ralph J. Kelly*
                                                    Ralph J. Kelly
                                                    Pa. Identification No. 39706
                                                    McShea Law Firm, P.C.
                                                    Centre Square, West Tower
                                                    1500 Market Street, 40th Floor
                                                    Philadelphia, Pennsylvania  19102
                                                    (215) 599-0800
                                                    rkelly@mcshealawfirm.com

                                                    Kenneth S. Nankin (Admitted *pro hac vice*)
                                                    Nankin Law LLC
                                                    700 King Farm Boulevard, Suite 550
                                                    Rockville, Maryland  20850
                                                    (202) 463-4911 - telephone
                                                    (202) 463-6177 - fax
                                                    ksn@nankin.com

                                                    Attorneys for Defendant American Airlines, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLANREWAJU ODEDEYI, : | |
| : | Civil Action No. 23-cv-01934-JS |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| AMERICAN AIRLINES : | |
| : | |
| Defendant. : | |

### CERTIFICATION OF OPPORTUNITY TO CURE

Counsel for Defendant, American Airlines, Inc., certifies that before filing Defendant, American Airlines, Inc.'s Motion To Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R .Civ. P. 12(b)(6), he gave Plaintiff an opportunity to cure the curable defects in said Motion by email on June 19, 2023 and that by email dated June 19, 2023, Plaintiff declined the opportunity to cure the defects.

Dated:  June 22, 2023           *s/ Ralph J. Kelly*
                                Ralph J. Kelly
                                Pa. Identification No. 39706
                                McShea Law Firm, P.C.
                                Centre Square, West Tower
                                1500 Market Street, 40th Floor
                                Philadelphia, Pennsylvania  19102
                                (215) 599-0800
                                rkelly@mcshealawfirm.com

                                Attorney for Defendant American Airlines, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of June, 2023, I electronically filed the foregoing Defendant American Airlines, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim, supporting Memorandum of Law, and Certification of Opportunity to Cure with the Clerk of Court using the *CM/ECF* system, which will automatically send email notification of such filing to *Pro Se* Plaintiff Olanrewaju Odedeyi.

*s/ Ralph J. Kelly*
Ralph J. Kelly